**UNITED STATES of America, Appellee**

v.

**Bryan W. TALBOTT, Appellant**

**No. 17-3023**

**September Term, 2017**

United States Court of Appeals, District of Columbia Circuit.

Filed on: December 19, 2017

Rehearing En Banc Denied February 16, 2018

John Perry Mannarino, Assistant U.S. Attorney, Eric Nguyen, Elizabeth Trosman, Esquire, Assistant U.S. Attorney, USAO Appellate Counsel, U.S. Attorney's Office, (USA) Appellate Division, Washington, DC, for Plaintiff-Appellee

Brandon Sample, Brandon Sample, PLC, Rutland, VT, for Defendant-Appellant

Before: Henderson, Tatel, and Kavanaugh, Circuit Judges.

## JUDGMENT

This case was considered on the record from the United States District Court for the District of Columbia, and on the briefs and oral arguments of the parties. The Court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* Fed. R. App. P. 36; D.C. Cir. R. 36(d). It is

**ORDERED** and **ADJUDGED** that the judgment of the United States District Court for the District of Columbia dated February 10, 2017, be **AFFIRMED**.

Talbott pled guilty to fraud crimes and was sentenced to 10 years in prison. He filed a Section 2255 motion alleging that he received ineffective assistance of counsel in the plea bargaining process. Talbott claimed in particular that his counsel did not challenge incorrect loss calculations in the plea agreement, which in turn affected his sentence. On appeal of the denial of Section 2255 relief, he now argues a different ineffective assistance of counsel theory: that he would have not agreed to the plea if he had received effective assistance of counsel. That argument fails. Under *Hill v. Lockhart,* in order to succeed on a claim of guilty-plea ineffectiveness, Talbott must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *see also Strickland v. Washington,* 466 U.S. 668, 714, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In support of his new theory, Talbott points to the Section 2255 evidentiary hearing, when his original counsel, Michael Resavage, testified that Talbott asked to withdraw his guilty plea at some point after he was released on bond.

But during the Rule 11 colloquy, the sentencing judge went over each section of the plea agreement in detail with him. *United States v. Farley,* 72 F.3d 158, 165 (D.C. Cir. 1995). More importantly, Talbott's new argument overlooks the fact that his prospects at trial "were not good." S.A. 81; S.A. 73. Indeed, neither Talbott nor any of his four sets of counsel have so much as hinted at the possibility that he would have succeeded at trial. *In re Sealed Case,* 488 F.3d 1011, 1018 (D.C. Cir. 2007) (*Hill* inquiry into whether defendant would have gone to trial is necessarily informed by the defendant's likelihood of success at trial). Accordingly, on the record in this case, Talbott has not shown a remote probability (even less a reasonable one) that adequate counsel would have advised him to proceed to trial instead of pleading guilty and that he would have heeded that advice.

In this appeal, Talbott also alleges that he received ineffective assistance of counsel in the Section 2255 proceeding itself. Talbott did not obtain a certificate of appealability from the District Court for that claim. Talbott therefore urges this Court to grant a certificate of appealability. We decline to do so. On this claim, Talbott has not made a "substantial showing of the denial of a constitutional right," which is a requirement for him to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The

Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. Rule 41(a)(1).